# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION

MDL No. 17-2795 (MJD/KMM)

This Document Relates to Civil File Nos. 17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5046, 18-1562, 18-1565, 18-1572, 18-1573.

**ORDER FOR FINAL JUDGMENT**

**IT IS HEREBY ADJUDGED AND DECREED THAT:**

This Final Judgment incorporates by reference the defined terms in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

1. The Court has jurisdiction over the subject matter of this Consumer MDL Action (also referred to as "Action") and all parties to the Consumer MDL Action, including all Settlement Class Members. The term Consumer MDL Action means: the Consumer Actions as they have been consolidated in the

1

Multi-District Litigation bearing the case name and number In re:

CenturyLink Sales Practices & Securities Litigation, Case No. MDL 17-2795

(MJD/KMM), pending in the United States District Court, District of

Minnesota.  The term "Consumer Actions" means: the actions brought by

and on behalf of residential and small business customers against

CenturyLink relating to deceptive, unfair or improper billing practices that

were consolidated for pretrial purposes in the matter entitled In re:

CenturyLink Sales Practices & Securities Litigation, Case No. MDL 17-2795

(MJD/KMM), and that include Civil File Numbers: 17-2832 (MJD/KMM),

17-4613 (MJD/KMM),  17-4614 (MJD/KMM), 17-4615 (MJD/KMM), 17-4616

(MJD/KMM), 17-4617 (MJD/KMM), 17-4618 (MJD/KMM), 17-4619

(MJD/KMM), 17-4622 (MJD/KMM), 17-4943 (MJD/KMM), 17-4944

(MJD/KMM), 17-4945 (MJD/KMM), 17-4947 (MJD/KMM), 17-5001

(MJD/KMM), 17-5046 (MJD/KMM), 18-1562 (MJD/KMM), 18-1565

(MJD/KMM), 18-1572 (MJD/KMM), and 18-1573 (MJD/KMM).

2.  The Settlement of this Action on the terms set forth in the Settlement

    Agreement, along with the Exhibits thereto, proposed by the Parties has

    been approved by this Court.


3.  The Court granted final certification, for purposes of settlement only, of a

    Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3),

    defined as: "All persons or entities in the United States who are identified

    by CenturyLink as a residential or small business customer and who,

    during the Class Period (January 1, 2014 to January 24, 2020), had an

    account for local or long distance telephone, internet, or television services

    with one or more of the Operating Companies.  Excluded from the class

    are the Court, the officers and directors of CenturyLink, Inc. or any of the

    Operating Companies, and persons who timely and validly request

    exclusion from the Settlement Class."  Pursuant to Federal Rule of Civil

    Procedure 23(c)(3), all Persons who satisfy the class definition above are

    Settlement Class Members.

4.  The list of Persons excluded from the Settlement Class because they timely

    filed valid requests for exclusion is attached hereto as Exhibit 1.  Persons

    who filed timely, completed requests for exclusion are not bound by this

    Final Judgment, the Final Approval Order, or any of the terms of the

    Settlement Agreement, and may pursue their own individual remedies

    against CenturyLink, Inc. and the Operating Companies (see Exhibit 2).

    However, such persons or entities are not entitled to any rights or benefits

    provided to Settlement Class Members by the terms of the Settlement

    Agreement.


5.  Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class

    Members who have not timely and validly filed requests for exclusion are

    thus Settlement Class Members who are bound by this Final Judgment, the

    Final Approval Order, and the terms of the Settlement Agreement.


6.  Settlement Class Representatives (see Exhibit 3 to this Order for Final

    Judgment) and all Settlement Class Members who did not properly

    request exclusion are hereby: (1) deemed to have released and discharged

4

all claims arising out of or asserted in this Consumer MDL Action and the

Consumer Actions and claims released under the Settlement Agreement,

including all claims that could have been asserted in this Action; and (2)

barred and permanently enjoined from asserting, instituting, or

prosecuting, either directly or indirectly, these claims.  The full terms of

the release described in this paragraph are set forth in Section 2.3 of the

Settlement Agreement, which provides: As of the Effective Date, each

Releasing Party will be deemed to have completely released as of the

Effective Date, each Releasing Party will be deemed to have completely

released and forever discharged the Released Parties, and each of them,

from and for any and all Released Claims.  In addition to the definitions

provided earlier in this Final Judgment, the defined terms in the release

are:

    a. The term "Effective Date" is defined as: The first date after which

       the following events and conditions have occurred: (a) the Court has

       entered this Order Final Judgment; and (b) the Final Judgment has

       become final in that the time for appeal or writ has expired or, if any

       appeal and/or petition for review is taken and the settlement is

affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the judgment shall not be a Final Judgment.

b. The term "Releasing Party" is defined as: The Settlement Class Representatives, all Settlement Class Members, and their respective heirs, executors, administrators, representatives, agents, lawyers, partners, successors, and assigns.

c. The term "Released Party" is defined as: CenturyLink, Inc., the Operating Companies, and each of their present, former, and future parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, insurers, agents and employees.

d. The term "Operating Company" is defined as all entities listed in Exhibit 2 to this Final Judgment.

e.  The term "Released Claims" means: Liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees (except as otherwise provided herein), losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or Unknown Claims, which Settlement Class Members have or may claim now or in the future to have, based on facts that occurred during the Class Period that were alleged or asserted against any of the Released Parties in the Consumer MDL Action and/or Consumer Actions or that could have been alleged or asserted against any of the Released Parties in the Consumer MDL Action and/or Consumer Actions, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in any pleading or other paper filed in the Consumer MDL Action or in any pleading or other paper filed with any court in the underlying Consumer Actions, including (by way of example only and not by way of

7

limitation): (1) promising customers one rate during the sales process but then charging a higher rate during actual billing; (2) billing unauthorized, undisclosed or otherwise improper charges, including billing for services or equipment not ordered, for nonexistent or duplicate accounts, for services ordered but never delivered or not delivered as promised, for services that were appropriately canceled, for equipment that was properly returned, and for early termination fees; and (3) caused customers to incur costs resulting from their accounts being improperly sent to collections without valid reason.

f.  The term "Unknown Claims" means: Claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Consumer MDL Action and Consumer Actions.

7.  The Settlement Agreement, this Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or

deemed to be, evidence of a presumption, concession or an admission by any plaintiff, defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

8. The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any plaintiff, defendant, Settlement Class Member, or Released Party or in any other civil, criminal or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Judgment and the accompanying Final Approval Order.

9.  The Court hereby dismisses with prejudice the Consumer MDL Action, all actions consolidated into the Consumer MDL Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others, except as set forth in the Settlement Agreement and any Orders related thereto.

10. Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Settlement Agreement, and all matters ancillary thereto.

11. The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  December 8, 2020                    s/ Michael J. Davis
                                            Michael J. Davis
                                            United States District Court